Todd S. Sharinn (TS-0581)

BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

'07 CIV 6399

-----------------------------------------------------------------  )
                                                                    )
                                                                    )
CRM HOLDINGS, LTD. and                                              )    CIVIL ACTION NO.:
COMPENSATION RISK MANAGERS, LLC                                     )
                                                                    )
                        Plaintiffs,                                 )
                                                                    )
            v.                                                      )    COMPLAINT FOR
                                                                    )    DECLARATORY
                                                                    )    JUDGMENT
CORPORATE RISK MANAGEMENT, INC.                                     )
                                                                    )
                        Defendant.                                  )
                                                                    )
                                                                    )
                                                                    )
-----------------------------------------------------------------  )

RECEIVED
JUL 13 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff CRM Holdings, Ltd. ("CRM HOLDINGS") and its licensee of the below mentioned trademarks, Compensation Risk Managers, LLC ("CRM LLC" and (collectively with CRM HOLDINGS as "Plaintiffs") by and through their attorneys, allege as and for their Complaint against Corporate Risk Management, Inc. ("Defendant") as follows:

## JURISDICTION AND VENUE

1.      These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C.§§ 1051, *et seq.*  This Court has subject matter jurisdiction over this controversy by virtue of 28 U.S.C. §§ 1331 and 1338(a) and (b); and 15 U.S.C. § 1064(3).  Jurisdiction also arises under 28 U.S.C. § 1332 (diversity), in that the amount in controversy exceeds $75,000.00 and this action is between citizens of different states.

2.    Upon information and belief, this Court has personal jurisdiction over Defendant by virtue of its conducting and transacting business within the State of New York and this judicial district.

3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that Defendant is subject to personal jurisdiction in this judicial district.

## THE PARTIES

4.    CRM LLC is a limited liability company, organized and existing under the laws of the State of New York, having a place of business at 112 Delafield Street, Poughkeepsie, New York, 12601.

5.    CRM HOLDINGS is a publicly traded company organized and existing under the laws of Bermuda, having a place of business at Perry Building, 40 Church Street, Hamilton HM 12, Bermuda.

6.    Upon information and belief, Corporate Risk Management, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 350 East Ogden Avenue, Westmont, Illinois 60559 and transacting business within the State of New York.

## PLAINTIFFS' BUSINESS

7.    CRM LLC was founded in 1999.  CRM HOLDINGS was founded in 2005.  Since their formations, Plaintiffs have dedicated significant resources to becoming one of the leading providers of fee-based management and other services for workers' compensation self-insured groups in various states, including among others, New York, California and Texas.

8.    Plaintiffs act as program manager and administrator for approved, group self insurance workers' compensation programs.  As a result of its efforts and investments, Plaintiffs have become one of the fastest growing groups in North America in the field of workers' compensation.

9.    Plaintiffs have invested substantial time and resources in developing their reputation and brand identity, which they have carefully cultivated and

promoted over the years. In fact, Plaintiffs have invested over two and one half million dollars ($2,500,000.00) to promote their services and their brand identity.

10. Plaintiffs operate throughout the United States. Since 1999 and 2005 respectively, CRM LLC and CRM HOLDINGS have provided the experience and expertise to design insurance programs that reduce employers' net costs and improve the services they receive. Plaintiffs manage over one hundred and twenty five million dollars ($125,000,000.00) in workers' compensation premiums in a variety of industries.

11. The term CRM has been used by CRM LLC from at least as early as November 1999 in conjunction with its services.

12. CRM HOLDINGS owns, among others, United States Applications for CRM & Design (App. Serial No. 78/804,282) and CRM HOLDINGS (App. Serial No. 78/804,281) together with all common-law rights in the CRM design trademark and in the CRM HOLDINGS word trademark for "group self insurance programs and trusts for workers' compensation insurance" in International Class 36 (the "CRM Applications"). Both CRM Applications were filed in the United States Patent and Trademark Office ("USPTO") on February 1, 2006. *See* Exhibit A1.

13. Upon examination of the CRM Applications, the USPTO Examiner declared that she has *"searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d)"*.

14. Both CRM Applications were duly approved and published for opposition by the USPTO on January 9, 2007. *See* Exhibit A2.

15. CRM LLC is the licensee under a license Agreement between CRM HOLDINGS and CRM LLC, that entitles CRM LLC to use the CRM & Design and CRM HOLDINGS service marks and common law rights identified in paragraph 12 of this Complaint (the "CRM Marks") and that entitles to CRM LLC to enforce these rights.

16. Plaintiffs and the insurance services offered by Plaintiffs under and in conjunction with the CRM Marks, have developed and maintained an outstanding reputation in the CRM Marks because of the uniform high quality of their services.

17. The CRM Marks are among Plaintiffs most famous and well known marks.

## DEFENDANT'S BUSINESS

18.    Upon information and belief, Defendant provides property and casualty insurance consulting and broking services to commercial clients since at least 1979.

19.    Upon information and belief, Defendant is the owner of United States registrations for: (i) CRM (Reg. No. 3,026,363) covering "insurance brokerage, administration of employee benefit plans, and risk management services" in Class 36 and "litigation support services for insurance-related cases and issues" in Class 42; and (ii) CORPORATE RISK MANAGEMENT, INC. (Reg. No. 1,840,866) covering "insurance consultation services" in Class 36 ("Defendant's Registrations"). *See* Exhibit B1.

20.    Defendant also owned an application for CRM & Design (App. Serial No. 73/556,751) covering "risk management and insurance consulting services and insurance sales" in Class 36, which was abandoned at the Defendant's request on May 16, 1986. *See* Exhibit B2.

21.    The application for Defendant's Registration for CORPORATE RISK MANAGEMENT, INC. was filed on February 22, 1993 and issued on June 21, 1994.

22.    The application for Defendant's Registration for CRM was filed on August 28, 2002 and issued on December 13, 2005. During its prosecution, the USPTO rejected the underlying application on several basis, including likelihood of confusion – citing several existing registrations containing the term CRM.

23.    As part of Defendant's response to these rejections (*see* Exhibit C), Defendant argued that the element "CRM" commonly appears in the market place, as reflected on the USPTO Register. *See* Exhibit C1.

24.    In further response to the rejections described in paragraph 22 of this Complaint, Defendant agreed with the USPTO that such common use renders the mark weak and that in cases of weak trademark elements, consumers recognize the common term as weak and look to other features of the marks, such as added words, to distinguish between marks. *See* Exhibit C2.

25.    In further response, Defendant argued that consumers for services such as those offered by the Defendant, take great care in selecting and choosing between the highly sophisticated services offered. *See* Exhibit C3.

## THE ACTUAL CONTROVERSY OF THE PRESENT ACTION

26.    On January 23, 2007 Defendant filed two petitions with and received from the USPTO, Extensions of Time to Oppose registration of the CRM Applications and their subject CRM Marks (the "Petition"). *See* Exhibit D.

27.    On February 23, 2007 Defendant filed a Notice of Opposition against the Plaintiffs' CRM Applications (the "Opposition") with the USPTO Trademark Trial and Appeal Board ("TTAB"). *See* Exhibit E.

28.    Defendant alleges in the Opposition that Plaintiffs' CRM Applications are likely to cause confusion, mistake or deception that Plaintiffs' services are those of Defendant or otherwise endorsed, sponsored or approved by Defendant.

29.    Defendant alleges that it will be damaged by the registration of Plaintiffs' CRM Applications.

30.    Defendant prayed that Plaintiffs' CRM Applications are rejected and their registration be refused.

31.    On March 29, 2007, Plaintiffs filed their Answer and Affirmative Defenses to Defendant's Notice of Opposition with the TTAB. *See* Exhibit F.

32.    Plaintiffs deny that there is any likelihood of confusion, mistake or deception between Plaintiffs' CRM Marks and the marks of the Defendant's Registrations.

33.    Defendant continues to maintain its position and insists that Plaintiffs expressly abandon their application.

COUNT ONE

**DECLARATION OF NON-INFRINGEMENT**

34.    Plaintiffs repeat and reallege paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    This is a count for Declaratory Judgment pursuant to 28 U.S.C. §§2201 and 2202.

36.    Defendant has opposed the USPTO's registration of the CRM Applications.

37.    Defendant alleges that Plaintiffs' use of the CRM Marks is likely to cause confusion, or to cause mistake, or to deceive.

38.    The CRM Marks are not confusingly similar to the marks underlying Defendant's Registrations.

39.    Plaintiffs have not infringed, are not infringing, and their offering and rendering of services under the CRM Marks will not likely cause any confusion and thus will not infringe Defendant's Registrations.

40.    By virtue of the foregoing, a real and actual case and controversy exists between each of Plaintiffs and Defendant.

COUNT TWO

**CANCELLATION OF DEFENDANT'S REGISTRATION
ON THE BASIS OF ABANDONMENT**

41.    Plaintiffs repeat and reallege paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.    This is a count for cancellation of the Defendant's Registration for CRM (Reg. No. 3,026,363) pursuant to 15 U.S.C. § 1064 on the basis of abandonment through lack of prosecution against third party users.

43.    There are 23 live and subsisting registrations and allowed applications, not including the Plaintiffs' CRM Applications, in Classes 36 and 42 (the International Classes that Defendant's Registrations are in), which include the element

"CRM" (*see* Exhibit G) against which the Defendant has not taken any action (see Exhibit H).

44.    Since Defendant's alleged first use of its CRM mark on January 1, 1979, Defendant unsuccessfully opposed only three (3) marks containing CRM, one (1) in International Class 35 and two (2) in U.S. Class 200, before the TTAB. *See* Exhibit I.

45.    Defendant's failure to prosecute other third party use may cause trademark rights *'to be extinguished by causing a mark to lose its significance as an indication of source'*.

46.    In view of the foregoing the Defendant's mark is incapable of distinguishing and serving as a source identifier of Defendant's services. Accordingly, there can by no likelihood of confusion between that mark and the Plaintiffs' Marks.

47.    Defendant has abandoned its CRM mark by failing to prosecute other third parties' use of the term CRM.

48.    In light of the abandonment, Defendant's Registration for CRM (Reg. No. 3,026,363) must be cancelled.

## COUNT THREE

### CANCELLATION OF DEFENDANT'S REGISTRATION ON THE BASIS OF FRAUD

49.    Plaintiffs repeat and reallege paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.    This is a count for cancellation of the Defendant's Registration for CRM (Reg. No. 3,026,363) pursuant to 15 U.S.C. § 1064 on the basis that the registration for CRM was obtained fraudulently.

51.    Defendant's CRM registration covers "litigation support services for insurance-related cases and issues" in Class 42.

52.    Upon information and belief, Defendant has never offered "litigation support [...]", but merely offered technical support (*see* Exhibit J), a finding that is commensurate with the classification under Class 42 rather than Class 45 under which litigation support is classified according to the USPTO's Identification Manual. *See* Exhibit K.

53.    Upon information and belief, Defendant made the statement and representation regarding its services fully knowing it was false in that the true fact was that it does not offer "litigation support [...]".

54.    Defendant's CRM registration has been obtained fraudulently and for the reasons set out above, the entire registration is null and void and of no effect and must be cancelled.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray that:

A.    The Court enter judgment in favor of Plaintiffs and against Defendant.

B.    The Court declare that Plaintiffs are not liable for any acts of infringement or inducing infringement of Defendant's Registrations.

C.    The Court declare that the Defendant has abandoned its CRM mark (Reg. No. 3,026,363).

D.    The Court declare that the Defendant's registration for CRM has been obtained fraudulently

E.    The Court declare that the Defendant's registration for CRM is invalid or unenforceable or both.

F.    The Court order the Commissioner of Patents and Trademarks to cancel Registration No. 3,026,363.

G.    The Court declare that Defendant may not prohibit or interfere with Plaintiffs' use or registration of its CRM Marks.

H.    The Court declare that Defendant withdraw its Opposition to Plaintiffs' Applications.

I.    The Court award Plaintiffs damages in an amount that this Court deems just and proper, together with any such other and further relief that the Court may deem just, proper and equitable under the circumstances, and that such damages be trebled.

J.    The Court order Defendants to pay Plaintiffs' reasonable costs, interest and attorneys' fees pursuant to 15 U.S.C. § 1117.

Dated:      New York, New York
            July 11, 2007

                              Respectfully submitted,

                              BAKER & MCKENZIE LLP

                              By: _____
                                  Todd S. Sharinn (TSS-0581)
                                  1114 Avenue of the Americas
                                  New York, New York 10036
                                  Tel) (212) 891-3790
                                  Fax) (212) 310-1790
                                  Attorney for Plaintiffs