**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRM HOLDINGS, LTD. and COMPENSATION RISK MANAGERS, LLC<br><br>  Plaintiffs,<br><br>v.<br><br>CORPORATE RISK MANAGEMENT, INC.<br><br>  Defendant. | CIVIL ACTION NO. 07-CV-6399-PAC<br><br>The Honorable Judge Paul A. Crotty<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

The defendant, Corporate Risk Management, Inc. ("Corporate Risk Management" or "Defendant"), hereby moves to dismiss the Complaint of Plaintiffs, CRM Holdings, Ltd. and Compensation Risk Managers, LLC ("Plaintiffs"), for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). The Complaint seeks a declaratory judgment. However, as discussed below, there is no controversy that supports subject matter jurisdiction under the Declaratory Judgment Act.

**I.   FACTUAL BACKGROUND**

According to the Complaint, Plaintiff CRM Holdings, Ltd. ("CRM Holdings") is a Bermuda corporation, founded in 2005, having a place of business at 40 Church Street, Hamilton HM 12, Bermuda, and Plaintiff Compensation Risk Managers, LLC ("Compensation Risk Managers" or "Applicant") is a limited liability company, founded in 1999, having a place of business at 112 Delafield Street, Poughkeepsie, New York 12601. Plaintiffs allege that they are in the business of providing fee-based management and other services for workers' compensation self-insured groups.

Plaintiff Compensation Risk Managers has applied for federal trademark registration of the marks CRM and CRM HOLDINGS, which applications are pending in the United States Patent and Trademark Office ("the PTO"). According to the Complaint, Compensation Risk Managers is the licensee under a license agreement with CRM Holdings which entitles Compensation Risk Managers to enforce Plaintiff CRM Holdings' trademark rights.

Defendant Corporate Risk Management is an Illinois corporation, in business since before 1979, having a principal place of business at 350 Ogden Avenue, Westmont, Illinois 60559. Corporate Risk Management is in the business of providing insurance brokerage services, administration of employee benefit plans, and risk management services. Corporate Risk Management operates under the mark CRM and owns federal trademark registration no. 3,026,363 for the mark CRM for "insurance brokerage, administration of employee benefit plans, and risk management services" in Class 36, and for "litigation support services for insurance-related cases and issues" in Class 42. According to its trademark registrations, Corporate Risk Management first used the mark CRM in 1979.

Defendant Corporate Risk Management also has a federal trademark registration for CORPORATE RISK MANAGEMENT covering "insurance consultation services" in Class 36. According to its trademark registration, Corporate Risk Management first used its registered corporate name in 1978.

After the PTO published Plaintiff Compensation Risk Managers' pending applications for federal trademark registration of the marks CRM and CRM HOLDINGS, Defendant Corporate Risk Management filed two notices of opposition in the PTO's Trademark Trial and Appeal Board ("the TTAB") on February 23, 2007. These two opposition proceedings (consolidated into one proceeding) were pending when Plaintiffs filed this declaratory judgment action on July

13, 2007, but have since been suspended at Plaintiff Compensation Risk Managers' request based on the pendency of this later-filed action.

The Complaint in this action seeks a declaration of non-infringement of Defendant's registered trademarks (Count 1), cancellation of Defendant's registration of the mark CRM on the basis of alleged abandonment (Count 2), and cancellation of Defendant's registration of the CRM mark on the basis of alleged fraud in alleging use for "litigation support services" (Count 3). Plaintiffs allege in the Complaint that there is a justiciable controversy based solely on Defendant's pursuit of the opposition proceeding in the TTAB, including Defendant's allegation of a likelihood of confusion with Defendant's federal trademark registrations (Complaint, paragraph nos. 26-31).

Under these circumstances, this Court lacks subject matter jurisdiction because there is no "actual controversy" between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201. The Defendant has neither threatened litigation against Plaintiffs regarding the Defendant's registered trademarks nor taken any other action that would create a reasonable apprehension on the part of Plaintiffs that they would face an infringement suit. The dialogue between the parties has consisted solely of filings in the opposition proceeding before the TTAB, brief telephone discussions exchanging settlement positions, and confirming correspondence, all regarding the TTAB proceeding. However, the pendency of trademark opposition proceedings alone cannot sustain declaratory judgment subject matter jurisdiction. As a result, this Court must dismiss the Plaintiffs' Complaint for lack of an actual controversy.

II. **OPPOSITION PROCEEDINGS ALONE CANNOT CREATE AN ACTUAL CONTROVERSY**

The Declaratory Judgment Act confers subject matter jurisdiction where there is an "actual controversy," and provides that the court "may declare the rights and other legal relations

of any interested party." 28 U.S.C. § 2201(a). A court has subject matter jurisdiction only where a substantial controversy exists between the parties with "adverse legal interests." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Without this jurisdictional prerequisite, an action for declaratory judgment must be dismissed. The Second Circuit has articulated a two-part test for determining whether an actual controversy exists between the parties in a declaratory judgment action involving trademarks. Under this test, both of the following conditions must be present:

> (1) has the defendant's conduct created a real and reasonable apprehension of liability on the part of the plaintiff, and (2) has the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant.

*Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595 (2d Cir. 1996).

The question of whether there is subject matter jurisdiction under 28 U.S.C. § 2201 is properly raised in a motion to dismiss under FED. R. CIV. P. 12(b)(1). In this case, the Plaintiffs are the parties asserting subject matter jurisdiction, and therefore they have the burden of proving it. *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

It is well settled that a declaratory judgment plaintiff must show more than just the pendency of a trademark opposition proceeding to establish an apprehension of liability to support subject matter jurisdiction. *Am. Pioneer Tours, Inc. v. Suntrek Tours, Ltd.*, 46 U.S.P.Q.2d 1779, 1998 U.S. Dist. LEXIS 1527 at *8 (S.D.N.Y. 1998) (Exhibit A of Lyhus Decl.) ("The Second Circuit has held that the filing of an opposition in a trademark registration proceeding 'is not by itself a charge or warning of a future charge of infringement' and therefore does not, without more, create a real controversy. *Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 126 (2d Cir. 1963)."); *see also Progressive Apparel Group, Inc. v. Anheuser-Busch, Inc.*, 38

U.S.P.Q.2d 1057, 1996 U.S. Dist. LEXIS 1292 at *5-6 (S.D.N.Y. 1996) (Exhibit B of Lyhus Decl.).

### III. THE PENDING OPPOSITION PROCEEDING BETWEEN THE PARTIES HEREIN DID NOT CREATE AN ACTUAL CONTROVERSY

The Plaintiffs cannot satisfy the requirements for subject matter jurisdiction. The Defendant has neither explicitly charged the Plaintiffs with infringement nor has it directly or indirectly threatened to sue the Plaintiffs for trademark infringement. The Defendant has to date only pursued administrative remedies by bringing an opposition proceeding in the TTAB, and the parties are far from exhausting their administrative remedies.

The communications between the parties in the opposition proceeding confirm that there has never been any threat of litigation against Plaintiffs. Defendant first communicated with Plaintiff Compensation Risk Managers when the Defendant filed petitions in the USPTO for an extension of time in which to file an opposition against Plaintiff Compensation Risk Managers' applications for trademark registration on January 23, 2007. (Exhibits C and D of Lyhus Decl.) On February 23, 2007, the Defendant filed the opposition in the TTAB. (Exhibit E of Lyhus Decl.) On May 17, 2007, the Defendant's attorney, John Lyhus, sent a proposed protective order to the Applicant's attorney, Todd S. Sharinn, under which discovery for the opposition would proceed. (Exhibit F of Lyhus Decl.) The Defendant's attorney also served discovery requests, including interrogatories and document requests, on the Applicant according to the TTAB's discovery rules. (Exhibit G of Lyhus Decl.) According to the TTAB's rules, responses to the discovery requests were due June 21, 2007, and the Applicant failed to respond. On June 29, 2007, Mr. Lyhus sent an email to Mr. Sharinn regarding the discovery. (Exhibit H of Lyhus Decl.) On July 2 and 3, 2007, Mr. Lyhus and Mr. Sharinn exchanged further correspondence regarding discovery and confirming the brief settlement discussions conducted by telephone

between Mr. Lyhus and Mr. Sharinn. (Exhibit I of Lyhus Decl.) Plaintiffs then filed this separate action in this Court on July 13, 2007 in an apparent attempt to avoid and usurp the opposition proceedings.

Thus, other than the communications associated with the pending trademark opposition proceeding, there was no communication whatsoever between the parties in this case prior to the filing of the Complaint. During the pendency of the opposition proceeding, there were no communications that remotely threatened litigation, directly or indirectly, against Plaintiffs. Under these circumstances, the Court has no jurisdiction and must dismiss the action. *Am. Pioneer Tours*, 46 U.S.P.Q.2d at 1782-83, 1998 U.S. Dist. LEXIS 1527 at *8-11; *Progressive Apparel*, 38 U.S.P.Q.2d at 1058, 1996 U.S. Dist. LEXIS 1292 at *6 (Exhibits A and B of Lyhus Decl., respectively).

Further, unlike the pending litigation, previous cases wherein the court held there was subject matter jurisdiction despite the existence of parallel trademark agency proceedings relied upon some other communication or action by the declaratory judgment defendants to find a threat of litigation. For example, in *Mfrs. Hanover Corp. v. Maine Sav. Bank*, 1985 U.S. Dist. LEXIS 23580 (S.D.N.Y. 1985) (Exhibit J of Lyhus Decl.), the defendant sent a letter to the plaintiff stating that it followed an "aggressive" policy with respect to protecting trademarks, including the initiation of formal legal proceedings. *Id*. at *4-5. The defendant then initiated opposition proceedings. *Id*. at *5. The court found that the strongly worded letter in combination with the opposition proceedings put the plaintiff in apprehension of a lawsuit. *Id*. at *6. Similarly, in *Barbarian Rugby Wear, Inc. v. PRL USA Holdings, Inc.*, 2006 U.S. Dist. LEXIS 50179 (S.D.N.Y. 2006) (Exhibit K of Lyhus Decl.), the defendant sent a letter to the

plaintiff with strong language indicating impending litigation, including accusations of infringement and discussion of the potential for money damages.

Contrary to these cases, no correspondence from the Defendant preceded the filing of the opposition proceeding against Plaintiff, Compensation Risk Managers, LLC. Subsequent contacts from the Defendant in the opposition proceeding related merely to discovery issues and the respective settlement positions of the parties. Nothing in the correspondence between the parties remotely suggested a threat of expanded litigation for the Plaintiffs. Therefore, the Plaintiffs' allegation of jurisdiction relies solely on pendency of the opposition proceeding, without any threat of litigation. Under controlling Second Circuit law, these facts cannot support subject matter jurisdiction.

### IV. THERE CAN BE NO DECLARATORY JUDGMENT JURISDICTION TO CANCEL A TRADEMARK REGISTRATION WHERE THERE IS NO JURISDICTION IN A SEPARATE ACTION REGARDING THE TRADEMARK

In addition to Count 1 of the Complaint seeking a declaration of non-infringement, the Plaintiffs request cancellation of the Defendant's trademark registration in Counts 2 and 3 of the Complaint. Actions for cancellation of a trademark registration, however, cannot stand alone and must accompany a separate action regarding a registered trademark. *Moog Controls, Inc. v. Moog, Inc.*, 923 F. Supp. 427, 431 (W.D.N.Y. 1996) ("The provisions of section 1119 [of 15 U.S.C.] granting the court authority to determine the right to registration and order cancellation assume a properly instituted and otherwise jurisdictionally supported action involving a registered trademark.")(*citing Universal Sewing Mach. Co. v. Standard Equip. Corp.*, 185 F. Supp. 257, 259-60 (S.D.N.Y. 1960)). Therefore, because the Plaintiffs' only other count (Count 1) in the Complaint is improperly before this Court as demonstrated above, Counts 2 and 3 of the

Complaint, which request cancellation of Defendant's federal trademark registration, must also be dismissed for lack of subject matter jurisdiction.

In any event, the Plaintiffs are not without a remedy: they may seek cancellation in the TTAB opposition proceeding. 37 C.F.R. § 2.106(b)(2)(i).

## V. CONCLUSION

For the above reasons, this Court should dismiss the Complaint because the Court lacks subject matter jurisdiction.

                                                  Respectfully submitted,

Dated: October 23, 2007              s/Anthony A. Coppola
                                                  Anthony A. Coppola (AC 3548)
                                                  ABELMAN, FRAYNE & SCHWAB
                                                  666 Third Avenue
                                                  New York, New York 10017-5621
                                                  Telephone: 212.949.9022
                                                  Facsimile: 212.949.9190

                                                  Karl R. Fink (Admitted *pro hac vice*)
                                                  Nicholas T. Peters (Admitted *pro hac vice*)
                                                  FITCH, EVEN, TABIN & FLANNERY
                                                  120 S. LaSalle Street, Suite 1600
                                                  Chicago, Illinois 60603-3406
                                                  Telephone: 312.577.7000
                                                  Facsimile: 312.577.7007

                                                  *Attorneys for Defendant,*
                                                  *Corporate Risk Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2007, a copy of the foregoing DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Parties receiving service electronically are as follows:*

Todd S. Sharinn - Todd.S.Sharinn@Bakernet.com
BAKER & MCKENZIE
1114 Avenue of the Americas
New York, New York 10036
Tel.: (212) 891-3790
Fax: (212)0310-1790
*Attorney for Plaintiffs, CRM Holdings, Ltd., and Compensation Risk Managers, LLC.*

s/Anthony A. Coppola
Anthony A. Coppola (AC 3548)
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017-5621
Telephone: 212.949.9022
Facsimile: 212.949.9190
*Attorney for Defendant*

494513