# EXHIBIT B

LEXSEE 1996 US DIST LEXIS 1292



Cited
As of: Oct 23, 2007

PROGRESSIVE APPAREL GROUP, INC., Plaintiff, -v- ANHEUSER-BUSCH, INC., Defendant.

95 CIV. 2794 (DLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1996 U.S. Dist. LEXIS 1292*; *38 U.S.P.Q.2D (BNA) 1057*

**February 7, 1996, Dated**
**February 8, 1996, FILED**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a declaratory judgment action before the court regarding trademark registrations and trademark rights, defendant moved to dismiss for lack of subject matter jurisdiction, under *Fed. R. Civ. P. 12(b)(1)*.

**OVERVIEW:** Both plaintiff and defendant filed applications with the United States Patent and Trademark Office to register the trademark "ACADIA" in connection with clothing. Defendant requested that plaintiff abandon the mark and filed an opposition against plaintiff's registration of the mark. Subsequently, plaintiff sought a declaratory judgment stating that plaintiff had not infringed upon defendant's trademark rights. Defendant moved to dismiss for lack of subject matter jurisdiction, under *Fed. R. Civ. P. 12(b)(1)*. Defendant's motion was granted since the Declaratory Judgment Act, *28 U.S.C.S. § 2201(a)*, only provided declaratory relief when an actual case or controversy existed. The court held that since defendant had not charged or threatened plaintiff, directly or indirectly, with infringement, no case or controversy existed between the parties. Furthermore, it stated that defendant's opposition to plaintiff's trademark registration was not, by itself, an indirect threat of a future infringement suit that created a case or controversy.

**OUTCOME:** The court granted defendant's motion to dismiss, for lack of subject mater jurisdiction, a declaratory judgment action regarding the parties' trademark registrations and associated rights. The court held that since defendant had not charged plaintiff with infringement or threatened plaintiff with an infringement suit, no case or controversy existed for jurisdiction.

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule*
*Governments > Courts > Authority to Adjudicate*
*Governments > Legislation > Interpretation*
[HN1] See *28 U.S.C.S. § 2201(a)*.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Declaratory Judgment Actions > Federal Judgments > General Overview*

Case 1:07-cv-06399-PAC   Document 12-3   Filed 10/23/2007   Page 3 of 6

Page 2

1996 U.S. Dist. LEXIS 1292, *; 38 U.S.P.Q.2D (BNA) 1057

*Civil Procedure > Judgments > Relief From Judgment > Independent Actions*

[HN2] The Declaratory Judgment Act, *28 U.S.C.S. § 2201(a)*, merely provides a remedy of declaratory relief; it does not create an independent basis for the exercise of subject matter jurisdiction. Therefore, an action for declaratory relief under the Declaratory Judgment Act, *§ 2201(a)*, may ordinarily be brought only if subject matter jurisdiction would exist in a coercive action between parties.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Declaratory Judgment Actions > Federal Judgments > General Overview*
*Governments > Legislation > Interpretation*

[HN3] A federal court, under the Declaratory Judgment Act, *28 U.S.C.S. § 2201(a)*, must be satisfied that parties possess adverse interests giving rise to a real and immediate controversy. Whether a real and immediate controversy exists in a particular case is a matter of degree and must be determined on a case by case basis.

*Civil Procedure > Justiciability > Case or Controversy Requirements > General Overview*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Trademark Law > Infringement Actions > Jurisdiction > General Overview*

[HN4] A justiciable controversy exists if a defendant has charged a plaintiff with infringement, or has threatened plaintiff with an infringement suit either directly or indirectly.

*Civil Procedure > Justiciability > Case or Controversy Requirements > General Overview*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Trademark Law > Infringement Actions > Jurisdiction > General Overview*

[HN5] There is no persuasive reason to distinguish between patent infringement and trademark infringement for purposes of determining whether a justiciable controversy exists.

*Civil Procedure > Justiciability > Case or Controversy Requirements > Actual Disputes*
*Trademark Law > Infringement Actions > Jurisdiction > General Overview*
*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > Oppositions > General Overview*

[HN6] The filing of an opposition in a trademark registration proceeding is not by itself a charge or warning of a future charge of infringement and, therefore, does not, without more, create an actual controversy.

*Trademark Law > Likelihood of Confusion > Consumer Confusion > General Overview*
*Trademark Law > Protection of Rights > Registration > Federal Registration*
*Trademark Law > U.S. Trademark Trial & Appeal Board Proceedings > Oppositions > General Overview*

[HN7] The "likelihood of confusion" standard is relevant in registration proceedings. Likelihood of confusion is one statutory ground on which registration of a mark may be refused.

**COUNSEL:** [*1] APPEARANCES:

Paul M. Millman, Esq., White Plains, New York, Myron Amer, Esq., Mineola, New York, Attorneys for Plaintiff.

Edward G. Wierzbicki, Esq., Daniel D. Frohling, Esq., PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON, Chicago, Illinois, William R. Hansen, Esq., NIMS, HOWES, COLLISON, HANSEN & LACKERT, New York, New York, Attorneys for Defendant.

**JUDGES:** DENISE COTE, United States District Judge

**OPINION BY:** DENISE COTE

**OPINION**

*OPINION & ORDER*

DENISE COTE, District Judge:

Plaintiff Progressive Apparel Group, Inc. ("Progressive") brings this action seeking a Declaratory Judgment that it is not infringing the trademark rights of defendant Anheuser-Busch, Inc. ("Anheuser-Busch") in connection with the use of the label "ACADIA" by

Case 1:07-cv-06399-PAC    Document 12-3    Filed 10/23/2007    Page 4 of 6

Page 3

1996 U.S. Dist. LEXIS 1292, *1; 38 U.S.P.Q.2D (BNA) 1057

plaintiff to identify a line of men's and women's sportswear. Defendant now brings a motion to dismiss for lack of subject matter jurisdiction pursuant to *Rule 12(b)(1), Fed.R.Civ.P.*, alleging that no justiciable controversy is presented. For the reasons given below, the motion is granted.

### *Background*

The following facts are undisputed.

Plaintiff Progressive owns an application to register with the United States Patent and Trademark [*2] Office the trademark "ACADIA" for a line of clothing consisting of men's sweaters, coats, jackets, shirts, and shorts, and women's knit tops, blouses, shirts, pants, coats, jackets and rainwear. The application was filed in March 1993. The trademark ACADIA has been affixed to the items of clothing on detachable "hang-labels" and on permanently affixed neck labels and outer labels. Plaintiff began marketing these items of clothing under the name ACADIA as early as August 1993.

Defendant, through its predecessor in interest, began promoting and selling T-shirts and sweat shirts in as early as June 1992 bearing the marks ACADIA and ACADIA BREWING COMPANY. Defendant owns applications to register these trademarks which were filed with the United States Patent and Trademark Office in August 1993. Because of Progressive's prior filing, however, the Trademark Office Examining Attorney suspended actions on Anheuser-Busch's applications, stating that if Progressive's application matures into a registration of the mark ACADIA, it may be cited against Anheuser-Busch's applications. [1]

> 1   When the Trademark Office finds that marks in two applications are sufficiently similar that a likelihood of confusion is presented, the earlier filed application is published for opposition while the later filed application is suspended until the published application is registered or abandoned. *See 37 C.F.R. § 2.83.*

[*3] In a January 24, 1994 letter, Anheuser-Busch contacted Progressive requesting that Progressive abandon its trademark application for ACADIA. The letter insisted that

> given the identity of the parties' marks, the overlapping and related nature of the goods and the absence of any restrictions on the channels of trade, purchase conditions or class of purchasers in [Progressive's] application, confusion is inevitable.

For several months thereafter, settlement discussions occurred between the parties concerning the two trademark applications, but no agreement was reached. On November 28, 1994, Anheuser-Busch filed a Notice of Opposition to Progressive's application with the Trademark Trial and Appeal Board. The Board instituted the opposition proceeding on February 23, 1995. On April 21, 1995, Progressive filed this Declaratory Judgment action.

### *Discussion*

[HN1] The Declaratory Judgment Act (the "Act") provides that

> in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration . . . . Any such declaration shall have the [*4] force and effect of a final judgment or decree and shall be reviewable as such.

*28 U.S.C. § 2201(a).* [HN2] The Act merely provides a remedy of declaratory relief; it does not create an independent basis for the exercise of subject matter jurisdiction. *See, e.g., Berni v. Int'l Gourmet Restaurants of America, 838 F.2d 642, 648 (2d Cir. 1988)* (citing *Warner-Jenkinson Co. v. Allied Chemical Corp., 567 F.2d 184, 186 (2d Cir. 1977)).* Therefore, an action for declaratory relief under the Act may ordinarily be brought only if subject matter jurisdiction would exist in a coercive action between the parties. [HN3] *838 F.2d at 649.* A federal court may not render advisory opinions under the Act, but must be satisfied that the parties possess adverse interests giving rise to a real and immediate controversy. *Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993).* "Whether a real and immediate controversy exists in a particular case is a matter of degree and must be determined on a case-by-case basis." *Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 562* (2d Cir.), *cert. denied, 501 U.S. 1218, 111 S. Ct. 2829, 115 L. Ed. 2d 998 (1991)*

Case 1:07-cv-06399-PAC   Document 12-3   Filed 10/23/2007   Page 5 of 6

Page 4
1996 U.S. Dist. LEXIS 1292, *4; 38 U.S.P.Q.2D (BNA) 1057

.

In the closely [*5] related field of patent infringement, the Second Circuit has held that [HN4] a justiciable controversy exists if the defendant has charged the plaintiff with infringement, or has threatened the plaintiff with an infringement suit either directly or indirectly. [HN5] *Muller v. Olin Mathieson Chemical Corp., 404 F.2d 501, 504 (2d Cir. 1968)*. There is no persuasive reason to distinguish between patent infringement and trademark infringement for purposes of determining whether a justiciable controversy exists. *See, e.g., Goya Foods, Inc. v. Tropicana Products, Inc., 666 F. Supp. 585, 588* (S.D.N.Y.) (applying *Muller* justiciability test to trademark case), *rev'd on other grounds, 846 F.2d 848 (2d Cir. 1988)*; Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2761 (1983).

The Second Circuit has held that [HN6] the filing of an opposition in a trademark registration proceeding "is not by itself a charge or warning of a future charge of infringement" and therefore does not, without more, create an actual controversy. *Topp-Cola Co. v. Coca-Cola Co., 314 F.2d 124, 125-26 (2d Cir. 1963)*; *cf. National Cable Television v. American Cinema, 937 F.2d 1572, 1581 (Fed. Cir.* [*6] *1991)* ("An objection to registration does not legally equate with an objection to use, that is, a charge of infringement."). It is undisputed that the defendant in this case has not charged plaintiff with infringement nor directly threatened plaintiff with an infringement suit. The relevant inquiry, therefore, is whether Anheuser-Busch has indirectly threatened Progressive with an infringement suit. I conclude that it has not.

Defendant in its January 24, 1994 letter indicated that confusion between the marks was "inevitable." But the relevance of the "likelihood of confusion" standard is not confined to infringement suits. [HN7] The standard is also relevant in registration proceedings. Likelihood of confusion is one statutory ground on which registration of a mark may be refused, *see 15 U.S.C. § 1052(d)*, and, indeed, was the basis on which the Trademark Examining Attorney suspended action on Anheuser-Busch's applications. Thus, defendant's assertion that confusion between the two marks was inevitable does not, without more, constitute an indirect threat of an infringement suit. This conclusion is reinforced by the fact that the statement was made in a letter explicitly addressed [*7] to the defendant's request that plaintiff abandon its application to register its mark.

Plaintiff in effect concedes that it cannot meet the test set forth in *Muller,* and asks this Court to adopt the Ninth Circuit test for determining whether an actual controversy exists, *i.e.,* whether plaintiff has a "real and reasonable apprehension that he will be subject to liability." *Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393, 396* (9th Cir.), *cert. denied, 459 U.S. 967, 74 L. Ed. 2d 277, 103 S. Ct. 294 (1982)*; *Manufacturer's Hanover Corp. v. Maine Savings Bank,* 1985 WL 181 (S.D.N.Y Jan. 10, 1985) (JFK) (applying reasonable apprehension standard). Under this standard, the acts of a defendant are "examined in view of their likely impact on competition and the risks imposed upon the plaintiff, to determine if the threat perceived by the plaintiff [is] real and reasonable." *Chesebrough-Pond's, 666 F.2d at 396*. There may be situations in which a reasonable apprehension of liability exists even though the defendant has not indirectly threatened plaintiff with an infringement suit. Under the reasonable apprehension standard, the Ninth Circuit "focuse[s] upon [*8] the position and perceptions of the plaintiff, declining to identify specific acts or intentions of the defendant that would automatically constitute a threat of litigation." *Id. at 396*. Thus, the Second and Ninth Circuit standards are not identical. *But see Windsurfing Int'l, Inc. v. AMF, Inc., 828 F.2d 755, 757 (Fed. Cir. 1987)* (interpreting *Topp-Cola* as establishing the reasonable apprehension standard). Even under the reasonable apprehension standard, however, my holding would be the same. The course of conduct by the defendants here, as described by the plaintiff, does not reasonably support an apprehension that the defendant will sue the plaintiff. The conduct relates entirely to the defendant's opposition to plaintiff's application for registration of its trademark.

*Chesebrough-Pond's,* moreover, is distinguishable from the instant case. In *Chesebrough-Pond's,* the declaratory defendant sent a letter to the declaratory plaintiff asserting ownership of a registered mark and likelihood of confusion, thereby stating a prima facie case for trademark infringement under *15 U.S.C. § 1114(1)*. In addition, the declaratory defendant ultimately counterclaimed in the [*9] declaratory action seeking damages from the plaintiff for infringement. *Chesebrough-Pond's, 666 F.2d at 397*. Here, in contrast, Anheuser-Busch does not have a registered mark and therefore has not, and cannot, state a prima facie case for

Case 1:07-cv-06399-PAC   Document 12-3   Filed 10/23/2007   Page 6 of 6

Page 5

1996 U.S. Dist. LEXIS 1292, *9; 38 U.S.P.Q.2D (BNA) 1057

infringement under *15 U.S.C. § 1114(1)*, and has not counterclaimed for infringement. Furthermore, in *Chesebrough-Pond's,* the Court placed significant emphasis on the business relationship between the parties who were business competitors in the "expanding and highly competitive" men's cosmetic industry. *Chesebrough-Pond's, 666 F.2d at 394-95, 397*. The Court found that the effect of the opposition proceeding in the Patent and Trademark Office was to chill the business efforts of the declaratory plaintiff while permitting expansion of the business efforts of the declaratory defendant. No such allegations have been made in the instant case.

Nor is it significant that the parties engaged in settlement negotiations that included discussions of plaintiff's use   not just its registration   of the ACADIA mark. The fact that Anheuser-Busch may have sought in negotiations to limit Progressive's use of the mark does not constitute an indirect [*10] threat of an infringement suit. Seeking to obtain a concession in negotiations is a far cry from threatening to bring a coercive lawsuit to obtain the desired result. Without more, therefore, plaintiff has not established an indirect threat of an infringement suit.

### Conclusion

The present dispute concerns only the registration of a trademark. There is no threat of an infringement suit, either direct or indirect, and there is no reasonable basis on which to conclude that this dispute will eventually develop into an infringement suit. The appropriate resolution of the only concrete dispute between the parties is a matter for Trademark Trial and Appeal Board. *See 15 U.S.C. § 1067*. That dispute is currently before the Board. Defendant's motion to dismiss is accordingly granted. The Clerk of the Court shall enter judgment for the defendant.

SO ORDERED:

Dated: New York, New York

February 7, 1996

DENISE COTE

United States District Judge