# EXHIBIT F

# FITCH EVEN TABIN & FLANNERY
## INTELLECTUAL PROPERTY LAW | EST. IN 1859

WRITER'S DIRECT DIAL:
312.629.7920

WRITER'S E-MAIL:
JELYH@FITCHEVEN.COM

May 17, 2007

Todd S. Sharinn
Baker & McKenzie LLP
1114 Avenue Of The Americas
New York, NY 10036-7703

Re:    Corporate Risk Management, Inc. v. Compensation Risk Managers,
LLC
Opposition to Marks CRM HOLDINGS and CRM & Design
Application Nos. 78/804,281 and 78/804,282
Opposition No. 91/175,833

Dear Mr. Sharinn:

Enclosed please find a draft Stipulation and Protective Order for your review to facilitate progress in conducting discovery in the above-referenced Opposition proceeding. Entering into such an agreement will aid the parties in governing the handling and treatment of various types of confidential material during and after the Opposition proceeding. The enclosed draft conforms substantially with the Trademark Trial and Appeal Board ("TTAB") model Protective Order available at www.uspto.gov.

Please review the draft Stipulation and Protective Order and provide us with your proposed revisions or comments, if any. If you have any questions, please contact us.

Sincerely,
FITCH, EVEN, TABIN & FLANNERY

John E. Lyhus

JEL/dw
Enclosure

5760-87674
Doc #: 477,227

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| CORPORATE RISK MANAGEMENT, INC., ) | |
| ) | |
| Opposer, ) | OPPOSITION NO. 91/175,833 |
| ) | |
| v. ) | |
| ) | |
| COMPENSATION RISK MANAGERS, LLC, ) | |
| Applicant. ) | |
| ) | |

| Mark: | CRM HOLDINGS |
|---|---|
| Application: | 78/804,281 |
| Filed: | February 1, 2006 |
| Published: | January 9, 2007 |

| Mark: | CRM and Design |
|---|---|
| Application: | 78/804,282 |
| Filed: | February 1, 2006 |
| Published: | January 9, 2007 |

## PROTECTIVE ORDER

Information disclosed by any party or non-party witness during this proceeding may be considered confidential, a trade secret, or commercially sensitive by a party or witness. To preserve the confidentiality of the information so disclosed, the parties have agreed to be bound by the terms of this order. As used in this order, the term "information" covers both oral testimony and documentary material.

## TERMS OF ORDER

### 1. CLASSES OF PROTECTED INFORMATION

The Rules of Practice in Trademark Cases provide that all inter parties proceeding files, as well as the involved registration and application files, are open to public inspection. The terms of this order are not to be used to undermine public access to files. When appropriate, however, a party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by employing one of the following designations.

**Confidential**—Material to be shielded by the Board from public access.

**Highly Confidential**—Material to be shielded by the Board from public access and subject to agreed restrictions on access even as to the parties and/or their attorneys.

**Trade Secret/Commercially Sensitive**—Material to be shielded by the Board from public access, restricted from any access by the parties, and available for review by outside counsel for the parties and, subject to the provisions of Paragraphs 4 and 5, by independent experts or consultants for the parties.

## 2. INFORMATION NOT TO BE DESIGNATED AS PROTECTED

Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

## 3. ACCESS TO PROTECTED INFORMATION

The provisions of this order regarding access to protected information are subject to modification by written agreement of the parties or their attorneys, or by motion filed with and approved by the Board.

Judges, attorneys, and other employees of the Board are bound to honor the parties' designations of information as protected but are not required to sign forms acknowledging the terms and existence of this order. Court reporters, stenographers, video technicians or others who may be employed by the parties or their attorneys to perform services incidental to this proceeding will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of Paragraph 4.

**Parties** are defined as including individuals, officers of corporations, partners of partnerships, and management employees of any type of business organization.

**Attorneys** for parties are defined as including **in-house counsel** and **outside counsel**, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.

**Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not otherwise employees of either the party or its attorneys.

**Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

**Parties** <u>and</u> their **attorneys** shall have access to information designated as **confidential** <u>or</u> **highly confidential,** subject to any agreed exceptions.

**Outside counsel, but not in-house counsel,** shall have access to information designated as **trade secret/commercially sensitive.**

**Independent experts or consultants, non-party witnesses,** <u>and</u> **any other individual** not otherwise specifically covered by the terms of this order may be afforded access to **confidential** <u>or</u> **highly confidential** information in accordance with the terms that follow in Paragraph 4. Further, **independent experts or consultants** may have access to **trade secret/commercially sensitive** information if such access is agreed to by the parties or ordered by the Board, in accordance with the terms that follow in Paragraph 4 and 5.

## 4. DISCLOSURE TO ANY INDIVIDUAL

Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this order, the individual shall be informed of the existence of this order and provided with a copy to read. The individual will then be required to certify in writing that the order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached to this order. The party or attorney receiving the completed form shall retain the original.

## 5. DISCLOSURE TO INDEPENDENT EXPERTS OR CONSULTANTS

In addition to meeting the requirements of Paragraph 4, any party or attorney proposing to share disclosed information with an independent expert or consultant must also notify the party which designated the information as protected. Notification must be personally served or forwarded by regular mail, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant.

The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert or independent consultant. If objection is made, then the parties must negotiate the issue before raising the issue before the Board. If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Board with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

## 6. RESPONSES TO WRITTEN DISCOVERY

Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36, and which the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from Paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Board only if necessary because of the filing of protected information not in accordance with the provisions of Paragraph 12.

## 7. PRODUCTION OF DOCUMENTS

If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from Paragraph 1. If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected during the course of inspection. After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation from Paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Board only if necessary because of the filing of protected information not in accordance with the provisions of Paragraph 12.

## 8. DEPOSITIONS

Protected documents produced during a discovery deposition, or offered into evidence during a testimony deposition shall be orally noted as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

During discussion of any non-documentary protected information, the interested party shall make oral note of the protected nature of the information.

The transcript of any deposition and all exhibits or attachments shall be considered protected for thirty (30) days following the date of service of the transcript by the party that took the deposition. During that 30-day period, either party may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from Paragraph 1. Appropriate stampings or markings should be made during this time. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

9. FILING NOTICES OF RELIANCE

When a party or its attorney files a notice of reliance during the party's testimony period, the party or attorney is bound to honor designations made by the adverse party or attorney, or non-party witness, who disclosed the information, so as to maintain the protected status of the information.

10. BRIEFS

When filing briefs, memoranda, or declarations in support of a motion, or briefs at final hearing, the portions of these filings that discuss protected information, whether information of the filing party, or any adverse party, or any non-party witness, should be redacted. The rule of reasonableness for redaction is discussed in Paragraph 12 of this order.

11. HANDLING OF PROTECTED INFORMATION

Disclosure of information protected under the terms of this order is intended only to facilitate the prosecution or defense of this case. The recipient of any protected information disclosed in accordance with the terms of this order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

12. REDACTION; FILING MATERIAL WITH THE BOARD

When a party or attorney must file protected information with the Board, or a brief that discusses such information, the protected information or portion of the brief discussing the same should be redacted from the remainder. A rule of reasonableness should dictate how redaction is effected.

Redaction can entail merely covering a portion of a page of material when it is copied in anticipation of filing but can also entail the more extreme measure of simply filing the entire page under seal as one that contains primarily confidential material. If only a sentence or short paragraph of a page of material is confidential, covering that material when the page is copied would be appropriate. In contrast, if most of the material on the page is confidential, then filing the entire page under seal would be more reasonable, even if some small quantity of non-confidential material is then withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential material be effected when only some small number of pages contain such material. In contrast, if almost every page of the document contains some confidential material, it may be more reasonable to simply submit the entire document under seal. Occasions when a whole document or brief must be submitted under seal should be very rare.

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the Board under seal. The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

**CONFIDENTIAL**

*This envelope contains documents or information that are subject to a protective order or agreement. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of the Board.*

### 13. ACCEPTANCE OF INFORMATION; INADVERTENT DISCLOSURE

Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

### 14. CHALLENGES TO DESIGNATIONS OF INFORMATION AS PROTECTED

If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the Board seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time.

The party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected.

### 15. BOARD'S JURISDICTION; HANDLING OF MATERIALS AFTER TERMINATION

The Board's jurisdiction over the parties and their attorneys ends when this proceeding is terminated. A proceeding is terminated only after a final order is entered and either all appellate proceedings have been resolved or the time for filing an appeal has passed without filing of any appeal.

The parties may agree that archival copies of evidence and briefs may be retained, subject to compliance with agreed safeguards. Otherwise, within 30 days after the final termination of this proceeding, the parties and their attorneys shall return to each disclosing party the protected information disclosed during the proceeding, and shall include any briefs, memoranda, summaries, and the like, which discuss or in any way refer to such information. In the alternative, the disclosing party or its attorney may make a written request that such materials be destroyed rather than returned.

**16. OTHER RIGHTS OF THE PARTIES AND ATTORNEYS**

This order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall the order preclude the filing of any motion with the Board for relief from a particular provision of this order or for additional protections not provided by this order.

**17. BINDING EFFECT**

The parties hereto agree that this constitutes a binding agreement between the parties that can be enforced by any court of competent jurisdiction and that this agreement shall survive the termination and/or dismissal of this proceeding.

**By Agreement of the Following, effective** _____

*[Insert signature date]*


CORPORATE RISK MANAGEMENT, INC.,                COMPENSATION RISK MANAGERS, LLC,


_____                _____
Name:                                          Name:
Title:                                         Title:


_____                _____
John E. Lyhus                                  Todd S. Sharinn
Tara M. Reedy                                  BAKER & MCKENZIE LLP
FITCH, EVEN, TABIN & FLANNERY                   1114 Avenue Of The Americas
Suite 1600                                     New York, NY 10036-7703
120 South LaSalle Street                       Telephone 212.626.4100
Chicago, Illinois 60603-3406                   Facsimile 212.310.1600
Telephone 312.577.7000                         *Attorneys for Applicant*
Facsimile 312.577.7000
*Attorneys for Opposer*


**By Order of the Board, effective** _____.


_____
*[Print or type name and title of Board attorney or judge imposing order]*