# EXHIBIT G

5760-87674

IN THE UNITED STATES PATENT AND TRADEMARKS OFFICE
BEFORE THE TRADEMARKS TRIAL AND APPEAL BOARD

| | |
|---|---|
| Corporate Risk Management, Inc., <br> Opposer, <br><br> v. <br><br> Compensation Risk Managers, LLC, <br> Applicant. <br><br> Serial No. 78/804,281 <br> Filed: February 1, 2006 <br> Marks: CRM HOLDINGS <br> Published: January 9, 2007 <br><br> Serial No. 78/804,282 <br> Filed: February 1, 2006 <br> Marks: CRM and Design <br> Published: January 9, 2007 | Opposition No. 91/175,833 |

## OPPOSER'S FIRST SET OF INTERROGATORIES TO APPLICANT

Opposer, Corporate Risk Management, Inc., requests Applicant, Compensation Risk Managers, LLC, to answer the following interrogatories pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure and Rule 2.120 of the Trademarks Rules of Practice under oath and within the thirty (30) days of service hereof.

### INSTRUCTIONS AND DEFINITIONS

A. The term "Opposer," means Corporate Risk Management, Inc., and any and all affiliates, predecessors- or successors-in-interest, attorneys, agents, representatives and/or employees of any of the above-mentioned entities or persons.

B. The term "Applicant" means Compensation Risk Managers, LLC, and any and all affiliates, predecessors- or successors-in-interest, attorneys, agents, representatives and/or employees of any of the above-mentioned entities or persons.

C. The term "Marks" means the mark CRM HOLDINGS and CRM and Design as set forth in U.S. Trademark Application Serial Nos. 78/804,281 and 78/804,282 and any confusingly similar mark.

D. The term "Opposer's Mark" means the mark CRM as set forth in U.S. Trademark Registration No. 3,026,363.

F. The terms "trademark" and "service mark" mean any word, name, symbol, design, shape, number, slogan, or device, or any combination thereof, that is used by a person to identify and distinguish the person's products and services, respectively, from the products and services of others. The use of the term "mark" is to be considered as the use of the term "trademark" or "service mark."

G. The term "Applicant's Goods and/or Services" means all products and services listed in U.S. Trademark Application Serial Nos. 78/804,281 and 78/804,282.

H. The term "Opposer's Goods and/or Services" means all products and services listed in U.S. Trademark Registration No. 3,026,363.

I. The term "channels of trade" means each type of person buying, leasing, or otherwise receiving each good and/or service directly from Applicant or Opposer (e.g., distributor, end-user), each type of person distributing, marketing, advertising or performing each good and/or service throughout the chain of distribution between the producer and end-user, and each type of person to whom such person distributes, markets, advertises or performs each good and/or service, in the United States.

J. The terms "document" or "documents" are used in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure and include, without limitation(s), all writings (whether in handwritten, typed, printed, stenographic, or other form), drawings, graphs, charts, photographs, recordings, copies or mechanical or photocopy reproductions of any or all of the

foregoing items, and non-paper information storage means, such as tape, film, and/or computer memory devices. Where any items contain marking(s) not appearing in the original, or are altered from the original, then all such items must be considered as separate documents and identified and produced as such.

K. The term "identify," when referring or relating to a natural person, means that person's full name, present or last known home and business addresses (including street name and number, city and town, state, zip code, and telephone number), present or last known business position, affiliation, and address, and all job titles or positions, if any, held in conjunction with employment or affiliation with Applicant or any other entity related thereto at any time, and the dates of tenure in each such job title or position.

L. The term "identify," when referring or relating to a person other than a natural person, means its full name and type of organization, and the address of its principal place of business (including street name and number, city or town, state, zip code, and telephone number).

M. The term "identify," when referring or relating to a document, means the type of document (e.g., letter, notebook, etc.), the date of the document (and, if no date appears thereon, the answer shall so state and shall give the date or approximate date that such document was prepared), the title of the document, a brief summary of the subject matter of the document, the identification of the person who prepared the document, the identification of the person who signed the document, the identification of the person for whom the document was prepared, and the identification of the recipient or addressee of the document (whether specifically named therein or not); in addition, if the document requested to be identified is not in the possession, custody, or control of Applicant, the identification of the person who has possession, custody, or control over the original of the document, and each person who has possession, custody, or control over each copy of the document; furthermore, if the document requested to be identified

has been destroyed, the date the document was destroyed, the reason for its destruction, and the identification of the person who destroyed the document and of any person who directed that the document be destroyed.

N. The term "identify," when referring to an oral communication, means the date and place of the communication, whether the communication was in person or by telephone, the identification of each person who participated in or heard any part of the communication, the substance of what was said by each person who participated therein, each document relating thereto, and the identification of the person or persons presently having possession, custody or control of each such document.

O. The term "identify," when referring or relating to an act, occurrence, or conduct, means a description or the substance of the event or events constituting such acts and the date when such acts occurred, the identification of each and every person or persons participating in such acts, the identification of all other persons, if any, present when such acts occurred, each document relating thereto, and the identification of the person or persons presently having possession, custody, or control of each such document.

P. The term "identify," when referring or relating to advertisements, promotional materials, and/or marketing materials, means a description of the form and medium of the materials, the inclusive dates of the materials, the geographic area in which the materials appeared, the class or classes of persons or business entities to whom the materials were directed, and the dollar amount per year expended on each form and medium of such material.

Q. The term "describe" means to give an account of the salient characteristics of the subject asked to be described, including, where applicable, dates and durations of the relevant events, places such events occurred, the names and addresses of all persons involved in those events, and all sources from which the requested information was obtained.

R. The term "concerning" means relating to, referring to, regarding, having any relationship with, pertaining to, evidencing, or constituting evidence of, in whole or in part, the subject matter of the particular request.

S. The terms "person" or "persons" include any natural person, corporation, partnership, joint venture, unincorporated association, trust, government entity, and all other entities of any nature whatsoever.

T. The term "allegation" includes all claims, contentions, assertions, statements, charges, recitations, and declarations made as of the date of your Answer and Affirmative Defenses to Opposer's Notice of Opposition, and/or at the time of answering these requests, and/or at the time of adjudication of any issue in this opposition, and/or at any time between the date these requests are answered and the adjudication date.

U. The terms "rely" and "relies" mean to look to for support or to depend upon as of the date of your Answer and Affirmative Defenses to Opposer's Notice of Opposition, and/or at the time of answering these requests, and/or at the time of adjudication of any issue in this action, and/or at any time between the date these requests are answered and the adjudication date.

V. The term "facts" means all circumstances, events, and evidence pertaining to or touching upon the item in question.

W. The term "United States commerce" as used herein shall mean interstate, territorial, or between the United States and a foreign country.

X. The use in these interrogatories of the name of a party or business organization shall specifically include all officers, directors, attorneys, agents, representatives, employees, parents, affiliates, subsidiaries, divisions, and predecessors- or successors-in-interest of the party or business organization.

Y. Each interrogatory shall be read to be inclusive rather than exclusive. Accordingly, the words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary, in order to bring within the scope of this document request all documents that might otherwise be construed to be outside its scope. The word "Including" shall be construed to mean "without any limitation." The word "all" includes "any" and vice versa. The past tense shall include the present tense so as to make the request inclusive rather than exclusive. The singular shall include the plural and vice versa. The masculine includes the feminine and vice versa.

Z. Each person answering these interrogatories is required to furnish information within that person's personal knowledge and the possession of that person's attorneys, agents, representatives and/or employees.

AA. All objections shall be set forth with specificity and shall include a brief statement of the grounds for such objections.

BB. If any of the following interrogatories cannot be answered in full, they should be answered to the extent possible, specifying the reason for the inability to answer the remainder and stating any information or knowledge which the party answering has concerning the unanswered portion.

CC. The following interrogatories shall be deemed to be continuing and, in the event Applicant secures or discovers any documents responsive to these interrogatories subsequent to answering these interrogatories which would tend to enlarge, diminish or otherwise modify the answers, Applicant has a duty to promptly serve and file supplemental answers reflecting such information pursuant to the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify all persons who have provided information used to answer these interrogatories.

2. Identify all documents upon which Applicant relies in answering these interrogatories.

3. Describe the Applicant's principal businesses in connection with which each of the Marks have been used.

4. Identify all persons or others who have had a proprietary interest in each of the Marks.

5. Describe the earliest priority claim in each of the Marks that Applicant will rely on for any purpose in these proceedings.

6. Describe every good or service that Applicant has offered in connection with each of the Marks.

7. Identify all trademarks searches, marketing studies, market surveys, focus groups, business plans, advertising plans, advertising creation work, and investigations, conducted in connection with Applicant's use or intent to use each of the Marks.

8. Identify all persons having information concerning the Applicant's consideration, selection and adoption of each of the Marks.

9. Describe how Applicant first used each of the Marks in United States commerce.

10. State the annual gross revenue generated from Applicant's services in connection with the Marks for each of the last ten (10) years.

11. State the annual expenditure for marketing Applicant's services in United States commerce in connection with the Marks for each of the last ten (10) years.

12. Describe the channels of trade for the services provided in connection with Applicant's Marks.

13. Identify geographic locations where Applicant has offered services in connection with the Marks for each of the last ten (10) years.

14. Identify all geographic locations where Applicant has had offices or other business facilities in connection with the Marks.

15. Identify five (5) of Applicant's known competitors for the services which Applicant has offered in connection with the Marks.

16. Identify each State where Applicant has distributed promotional documents in connection with the Marks for each of the last ten (10) years.

17. Identify domain registrations Applicant owns or controls in connection with Applicant's business under the Marks.

18. Identify States or other public authorities to which Applicant has applied for a license or other authorization or approval to operate or offer its services in connection with the Marks.

19. Describe all marketing, advertising or promotional documents Applicant has used in connection with each of the Marks.

20. Identify all of the media (including but not limited to websites, newspapers, periodicals, brochures, press releases and other print media, television advertising, trade show or otherwise) in which Applicant has used the Marks.

21. For each media identified in Interrogatory 20, identify the dates of publication, broadcast or other distribution or dissemination.

22. Identify articles in periodicals or other publications, websites, broadcast programs, and other media in which the Applicant is referenced.

23. Identify each event (including but not limited to job fairs, trade shows, professional meetings or conventions) Applicant has attended in which the Marks were used in connection with Applicant's business during the last ten (10) years.

24. Describe the areas of responsibility, including job titles, of persons to whom Applicant markets its services in connection with the Marks.

25. Identify any persons who have been licensed or otherwise permitted to use each of the Marks in connection Applicant's services.

26. Describe all occasions when anyone has inquired if Applicant was in any way related to Opposer, or vice versa.

27. Describe all instances of confusion which have occurred in connection with Applicant's use of designations incorporating the term "CRM," without or without punctuation.

28. Identify each document relating to any dispute involving the Marks (including but not limited to cease and desist letters, correspondence, complaints, objections, oppositions, cancellations, administrative proceedings, legal opinions or civil actions.)

29. Identify persons responsible for managing and operating the Applicant's business in connection with each of the Marks for the past ten (10) years.

30. Identify each person responsible for marketing Applicant's services in connection with each of the Marks for the past ten (10) years in United States commerce.

31. Identify all affiliates, subsidiaries, or parent corporations of Applicant and their principal business(es).

32. Describe the organizational hierarchy of Applicant.

33. Describe how Applicant acquired its claimed rights in each of the Marks.

34. Identify all marks Applicant has used which contains of the term "CRM," with or without punctuation.

35. Describe how Applicant first became aware of Opposer's Mark.

36. Identify all trademarks referred to in Applicant's Answer to the Notice of Opposition, Affirmative Defenses, Paragraph 5.

37. Identify any person Applicant intends to call as a witness in this Opposition Proceeding, including expert or opinion witnesses.

38. For any person identified in Interrogatory 37, describe the nature and substance of the witness' expected testimony and all documents seen or created by each witness.

39. For each document which Applicant produces in this proceeding, state to which particular request each document responds.

|  |  |
|---|---|
| May 17, 2007 | CORPORATE RISK MANAGEMENT, INC.<br><br>*[signature]*<br>John E. Lyhus<br>Tara M. Reedy<br>Fitch, Even, Tabin & Flannery<br>120 South LaSalle, Suite 1600<br>Chicago, Illinois 60603<br>Telephone: 312.577.7000<br>Facsimile: 312.577.7007<br>*Attorneys for Opposer* |

CERTIFICATE OF SERVICE

I, John E. Lyhus, one of the Attorneys for Opposer, hereby certifies that a copy of the foregoing FIRST SET OF INTERROGATORIES TO APPLICANT was served upon the following via first class mail, postage prepaid:

       Todd S. Sharinn
       Baker & Mckenzie LLP
       1114 Avenue Of The Americas
       New York, NY 10036-7703
       *Attorney for Applicant*

on this 17th day of May, 2007.

       FITCH, EVEN, TABIN & FLANNERY

       */s/ John E. Lyhus*
       John E. Lyhus
       Tara M. Reedy
       Fitch, Even, Tabin & Flannery
       120 South LaSalle, Suite 1600
       Chicago, Illinois 60603
       Telephone: 312.577.7000
       Facsimile: 312.577.7007

       *Attorneys for Opposer*

5760-87674

# IN THE UNITED STATES PATENT AND TRADEMARKS OFFICE
## BEFORE THE TRADEMARKS TRIAL AND APPEAL BOARD

| | |
|---|---|
| Corporate Risk Management, Inc.,<br> Opposer,<br><br>v.<br><br>Compensation Risk Managers, LLC,<br> Applicant.<br><br>Serial No. 78/804,281<br>Filed: February 1, 2006<br>Marks: CRM HOLDINGS<br>Published: January 9, 2007<br><br>Serial No. 78/804,282<br>Filed: February 1, 2006<br>Marks: CRM and Design<br>Published: January 9, 2007 | Opposition No. 91/175,833 |

## OPPOSER'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO APPLICANT

Opposer, Corporate Risk Management, Inc. hereby serves its First Requests for Production of Documents and Things to Applicant, Compensation Risk Managers, LLC (the "Requests;" individually, a "Request").

## INSTRUCTIONS AND DEFINITIONS

Opposer incorporates by reference the Instructions and Definitions from its First Set of Interrogatories to Applicant, Compensation Risk Managers, LLC. Unless the terms of a particular request specifically indicate otherwise, the following additional definitions and instructions are applicable throughout these requests and are incorporated into each specific request:

DD. All documents that respond, in whole or in part, to any portion or clause of any paragraph of any of the requests shall be produced.

EE. For purposes of these Requests for Documents and Things, the term "Marks" as set forth in paragraph "C.," above, shall additionally include any other designation incorporating the term "CRM," with or without punctuation.

FF. All documents necessary for a correct understanding of a document responsive to any of the requests shall be produced with the responsive document(s).

GG. All objections shall be set forth with specificity and shall include a brief statement of the grounds for such objections.

HH. If any document requested herein is withheld on the basis of any claim of privilege, work product, or otherwise, Applicant is requested to identify each such document withheld by specifying:

(a) the type of document;

(b) the date of the document;

(c) the subject matter of the document;

(d) the author(s) and recipient(s) of the document; and

(e) the nature of the privilege asserted.

II. If any document requested has been lost, discarded, or destroyed, each such document so lost, discarded, or destroyed shall be identified as completely as possible. Identification of each such document shall include without limitation, the information required pursuant to paragraph "M.," above, as well as date of disposal; manner of disposal; reason for disposal; persons authorizing the disposal; persons having knowledge of the disposal; and persons disposing of the document.

JJ. The following requests shall be deemed to be continuing and, in the event Applicant secures or discovers any documents responsive to these requests after production of the documents requested herein, Applicant shall provide such documents promptly to Opposer and,

if appropriate, supplement its responses hereto and/or its list(s) of documents withheld on the grounds of privilege.

## REQUEST FOR DOCUMENTS AND THINGS

1. Each document referenced in any paragraph or part of Applicant's Answer and Affirmative Defenses to Opposer's Notice of Opposition.

2. Each document upon which Applicant relied in providing its Answers to Interrogatories.

3. Documents sufficient to identify the principal business or businesses in connection with which the Marks are presently used or have been used in United States commerce.

4. Documents relating or referring to persons having a proprietary interest in the Marks.

5. Documents sufficient to identify every good or service that Applicant has offered or intends to offer in connection with the Marks.

6. Documents that describe Applicant's services in connection with group self insurance programs and trusts for workers' compensation insurance.

7. Documents that describe all other goods or services offered by Applicant other than group self insurance programs and trusts for workers' compensation insurance.

8. All trademarks searches, marketing studies, market surveys, focus groups, business plans, advertising plans, advertising creation work, and investigations, conducted in connection with Applicant's use or intent to use the Marks.

9. Documents sufficient to identify all persons having information concerning the Applicant's consideration, selection and adoption of the Marks.

10. Each document referring or relating to Applicant's first use of the Marks anywhere and in United States commerce.

11. Documents referring or relating to the annual gross revenue from Applicant's services in connection with the Marks for each of the last ten (10) years.

12. Documents referring or relating to annual reports, financial reports and corporate minutes for Applicant's business in connection with the Marks for each of the last ten (10) years.

13. Documents referring or relating to Applicant's annual expenditure for marketing in connection with the Marks for each of the last ten (10) years.

14. Documents referring or relating to the channels of trade used in connection with Applicant's Marks.

15. Documents sufficient to identify all customers of the Applicant in connection with the Marks for each of the last ten (10) years.

16. Documents sufficient to identify all prospective customers of the Applicant in connection with the Marks.

17. Documents referring or relating to the geographic locations where Applicant has had offices or other business facilities.

18. Documents identifying geographic locations where persons have purchased goods or services in connection with Applicant's Marks.

19. Documents identifying Applicant's known competitors for the goods or services which Applicant offers or intends to offer in connection with the Marks.

20. Documents that identify the States where Applicant has distributed promotional or marketing material for Applicant's services in connection with the Marks for each of the last ten (10) years.

21. Documents sufficient to identify domain registrations Applicant owns or controls in connection with Applicant's goods or services.

22. Documents sufficient to identify States or other public authorities to which Applicant has applied for a license or other authorization or approval to operate or offer its services in connection with the Marks.

23. Samples of each marketing, advertising, website or promotional piece, including but not limited to promotional pieces, corporate capability letters, and other printed documents Applicant has used to promote, advertise or develop business for Applicant's services in connection with the Marks.

24. Each article or other document in periodicals or other publications, websites, broadcast programs, and other media references referring or relating to Applicant.

25. Documents identifying each place (including but not limited to companies, job fairs, trade shows, professional meetings or conventions) where Applicant has marketed Applicant's services in connection with the Marks for each of the last ten (10) years.

26. Documents referring or relating to the intended audiences for Applicant's marketing in connection with the Marks.

27. Documents referring or relating to persons presently or previously licensed to use the Marks in connection Applicant's services.

28. Each document referring or relating to each instance in which any person inquired if Applicant was in any way related to Opposer, or vice versa.

29. Each document referring or relating to each instance involving confusion in connection with Applicant's use of the Marks.

30. Documents referring or relating to any use of the designation "CRM," with or without punctuation.

31. Each document referring or relating to each dispute involving Applicant's Marks (including but not limited to cease and desist letters, correspondence, complaints, objections, oppositions, cancellations, administrative proceedings, legal opinions or civil actions.)

32. Documents sufficient to identify each person responsible for managing and operating the services in connection with the Marks for the past ten (10) years.

33. Documents sufficient to identify each person responsible for marketing Applicant's services in connection with the Marks for the past ten (10) years.

34. Documents sufficient to identify all affiliates, subsidiaries, or parent corporations of Applicant and their principal businesses.

35. Documents describing the Applicant's form of business organization, and its place and date of incorporation.

36. Documents describing the organizational hierarchy of Applicant and its executive personnel.

37. Each document referring or relating to each transfer of ownership for the Marks.

38. Each document referring or relating to Applicant acquiring its claimed rights in the Marks.

39. Each document referring or relating to the earliest priority claim Applicant will rely on for any purpose in these proceedings.

40. Each document referring or relating to the first instance in which Applicant first became aware of Opposer.

41. Documents referring or relating to Opposer.

May 17, 2007

CORPORATE RISK MANAGEMENT, INC.

*[signature]*

John E. Lyhus
Tara M. Reedy
Fitch, Even, Tabin & Flannery
120 South LaSalle, Suite 1600
Chicago, Illinois 60603
Telephone: 312.577.7000
Facsimile: 312.577.7007

*Attorneys for Opposer*

CERTIFICATE OF SERVICE

I, John E. Lyhus, one of the Attorneys for Opposer, hereby certifies that a copy of the foregoing FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO APPLICANT was served upon the following via first class mail, postage prepaid:

> Todd S. Sharinn
> Baker & McKenzie LLP
> 1114 Avenue Of The Americas
> New York, NY 10036-7703
> *Attorney for Applicant*

on this 17th day of May, 2007.

> FITCH, EVEN, TABIN & FLANNERY
>
> John E. Lyhus
> Tara M. Reed
> Fitch, Even, Tabin & Flannery
> 120 South LaSalle, Suite 1600
> Chicago, Illinois 60603
> Telephone: 312.577.7000
> Facsimile: 312.577.7007
>
> *Attorneys for Opposer*